# :IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>v.<br><br>DRAKE RYAN ALLEN,<br><br>　　　Defendant. | Case No. CR-25-050-RAW |

## ORDER

　　　This matter came on for hearing today on the Defendant's appeal of the Magistrate Judge's detention order [Docket No. 55]. After a hearing on July 22, 2025, Magistrate Judge D. Edward Snow allowed the Defendant to post bond and entered an Order Setting Conditions of Release. Docket No. 26. That Order included the conditions that the Defendant must not violate federal, state, or local law while on release and must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. *Id*.

　　　On October 7, 2025, the Defendant entered a guilty plea to Count Two of the Indictment charging him with Assault Resulting in Serious Bodily Injury in Indian Country in violation of 18 U.S.C. §§ 113(a)(6), 1151, and 1153. On the same date, the Defendant was arrested for violating the terms of his release by testing positive for marijuana.

　　　Magistrate Judge Snow held a hearing on October 20, 2025, after which he remanded the Defendant to the custody of the United States Marshal Service. A transcript of that hearing has been filed. Docket No. 57. The standard of review is *de novo*. *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). The court reviewed and considered the pretrial services report, the transcript of the October 20, 2025 detention hearing before United States Magistrate

Judge Snow, and the Indictment. The court also considered the briefing and the argument by the parties at today's hearing.

A person who violates a condition of his release is subject to a revocation of release, an order of detention, and a prosecution for contempt of court. 18 U.S.C. § 3148(a). The court must enter an order of revocation and detention if, after a hearing, the court:

(1) finds that there is-
    (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
    (B) clear and convincing evidence that the person has violated any other condition of release; and
(2) finds that-
    (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
    (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. §3148(b)(1) and (2).

The Defendant tested positive for marijuana on more than one occasion, thus violating conditions of his release. Having found probable cause to believe that the Defendant committed a Federal, State, or local crime while on release and having found by clear and convincing evidence that he violated any other condition of release, the court found that the Defendant is unlikely to abide by any condition or combination of conditions of release.

After a *de novo* review, for the reasons stated at the hearing, the Defendant's appeal of the Magistrate Judge's order of detention pending trial [Docket No. 55] is denied. Defendant remains detained and remanded to the custody of the United States Marshal.

**IT IS SO ORDERED** this 13th day of November, 2025.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**